J. A03013/16

2016 PA Super 81

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ALPHONSO GRIFFIN, | : | |
| | : | |
| Appellee | : | No. 528 EDA 2015 |

Appeal from the Order January 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division No.: CP-51-0000663-2014

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

OPINION BY DUBOW, J.:                                **FILED APRIL 08, 2016**

The Commonwealth appeals from the Order entered in the Philadelphia County Court of Common Pleas granting Appellee, Alphonso Griffin, a new trial. After careful review, we conclude that the trial court improperly granted Appellee's Post-Sentence Motion for a New Trial based on after-discovered evidence. Accordingly, we reverse the trial court's Order and reinstate Appellee's conviction and Judgment of Sentence.

Between September 3, 2013, and September 17, 2013, Philadelphia narcotics police officers conducted surveillance at 3153 and 3163 Weymouth Street after receiving numerous complaints that a tall, thin, black male with a beard was selling drugs from these locations.

On September 3, 2013, Officer Stephen Dmytryk observed Appellee, who matched the descriptions that several residents and a confidential

informant ("CI") provided, standing in front of an abandoned house at 3153 Weymouth Street. Officer Dmytryk conducted a controlled buy using a CI on September 3, 2013. Officer Dmytryk searched the CI before and after the transaction. Officer Dmytryk observed the CI hand pre-recorded buy money to Appellee, who then entered 3153 Weymouth Street, exited shortly thereafter, and handed 13 small packets of heroin to the CI.

On September 15, 2013, Officer Dmytryk, assisted by Officers Gina Jackson and Charles Kapusnick, conducted a second controlled buy using a CI. As Officer Jackson and Officer Kapusnick looked on, Officer Dmytryk searched the CI before and after the transaction. The three officers observed the CI hand pre-recorded buy money to Appellee, who then entered 3163 Weymouth Street, exited shortly thereafter, and handed one clear Ziploc packet of marijuana to the CI.

The Commonwealth obtained a search warrant and on September 17, 2013, Officer Thomas Kuhn arrested Appellee at Officer Dmytryk's direction during the execution of the search warrant, assisted by Officers Thomas Kuhn and Micah Waters, as well as Sergeant William Torpey.

The Commonwealth charged Appellee with Possession of a Controlled Substance With Intent to Deliver ("PWID")[1] and related drug offenses. He proceeded to a bench trial on July 9, 2014. Officer Dmytryk testified at trial. *Id*. at 9-29. The parties stipulated to the testimony of Officer Kuhn

---

[1] 35 P.S. § 780-113(a)(30).

regarding his arrest of Appellee, as well as the testimonies of Officer Waters and Sergeant Torpey regarding their observations. *Id*. at 27-28.

The trial court convicted Appellee of the PWID charge resulting from the September 15, 2013 transaction, and found Appellee not guilty of all other charges. On July 9, 2014, the trial court sentenced Appellee to three years' reporting probation.

On August 1, 2014, Appellee filed a Post-Sentence Motion for a New Trial based on after-discovered evidence, pursuant to Pa.R.Crim.P. 720(C).[2] The trial court vacated Appellee's conviction, and held a hearing on January 15, 2015.

At the hearing, Appellee offered the following documents as after-discovered evidence, none of which pertain to the instant case:

1. A federal indictment unsealed on July 27, 2014, charging six Philadelphia police officers with numerous federal crimes, including charges under the Racketeer Influence and Corrupt Organizations Act. One paragraph in the indictment alleged that police officer "S.D."[3] falsified a police report in a criminal case against Kenneth Mills in 2011.

2. A federal civil rights complaint filed in ***Kenneth Mills v. The City of Philadelphia and Philadelphia Police Officer Dmytryk, Badge #1851*** containing an allegation that Officer Dmytryk included false allegations and material misrepresentations of fact in an affidavit of

---

[2] Pa.R.Crim.P. 720 pertains to post-sentence procedures. Rule 720(C) provides that a Post-Sentence Motion for a New Trial based on after-discovered evidence "must be filed in writing promptly after such discovery."

[3] The Commonwealth acknowledged that "S.D." is Officer Stephen Dmytryk.

probable cause supporting a search warrant. Mills also alleged that Officer Dmytryk conspired to bring false charges and malicious prosecution against him.

3.  A Philadelphia Inquirer article from August 1, 2014, quoting Kenneth Mills and repeating his accusations about Officer Dmytryk.

4.  A transcript from the preliminary hearing in **Commonwealth v. Kenneth Mills**, where Officer Dmytryk testified about his participation in the execution of a search warrant.

5.  Police reports and property receipts pertaining to the case of **Commonwealth v. Kenneth Mills**.

**See** N.T. Hearing, 1/15/15, at 4-6.

The Commonwealth introduced a letter from the U.S. Attorney's Office stating that "Officer Dmytryk is not the subject of a federal investigation" with respect to the allegations in the federal indictment. Commonwealth Exhibit C-1, Letter from U.S. Attorney Zane Memeger, dated October 7, 2014; N.T. Hearing, 1/15/15, at 11.

At the conclusion of the hearing, the trial court granted Appellee's Motion for a New Trial.

On February 17, 2015, the Commonwealth filed a Notice of Interlocutory Appeal to the Superior Court pursuant to Pa.R.A.P. 311(a)(6), along with a Pa.R.A.P. 1925(b) Statement of Errors. The trial court filed a Pa.R.A.P. 1925(a) opinion in which it summarily concluded:

> [T]he defendant has met [his] burden and deserves a new trial, as the very nature of the **allegations** against testifying police officer, Stephen Dmytryk, will open a plethora of additional discovery as well as documentary evidence by the defense to

compl[e]ment its impeachment evidence. Surely, if this information had been presented to the Court at the time of trial, it would have resulted in a different verdict. Consequently, the defendant is entitled to a new trial.

Trial Court Opinion, dated 7/6/15, at 3 (emphasis added).

The Commonwealth raises the following issue in this appeal:

Did the lower court err in granting a new trial on the ground of after-discovered evidence where: defendant presented no evidence, and offered to present no admissible evidence; the alleged after-discovered evidence was usable only for impeachment; and the alleged after-discovered evidence was not such as to compel a different verdict?

Appellant's Brief at 4.

In reviewing the decision of a trial court to grant a new trial based on after-discovered evidence, this Court "ask[s] only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." *Commonwealth v. Padillas*, 997 A.2d 356, 361 (Pa. Super. 2010) (citation omitted). "If a trial court erred in its application of the law, an appellate court will correct the error." *Id*.

Regarding the scope of review, the Pennsylvania Supreme Court has stated the following:

The scope of review of a decision to grant a new trial is dictated by whether the trial court has set forth specific reasons for its decision or leaves open the possibility that reasons in addition to those stated support the award of a new trial. Where the trial court leaves open the possibility that reasons exist to support its decision in addition to those actually stated, an appellate court will undertake a broad review of the entire record. However, where the trial court indicates that the reasons stated are the only basis for which it ordered a new trial, an appellate court must confine the scope of its review to the stated reasons. This

- 5 -

is not to say that the reviewing court looks only to the stated reasons in a vacuum. It is the obligation of the reviewing court to look at the entire record to determine if the trial court's stated reasons are supported therein.

***Commonwealth v. Widmer***, 744 A.2d 745, 750 (Pa. 2000) (citations omitted).

A trial court may grant a post-sentence Motion for a New Trial based on after-discovered evidence if the appellant shows by a preponderance of the evidence that the after-discovered evidence (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; **and** (4) would likely result in a different verdict. ***Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014) (citation omitted). The proposed new evidence must be "producible and admissible." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011) (citations omitted).

It is axiomatic that "[a]llegations are not evidence." ***Commonwealth v. Delbridge***, 859 A.2d 1254, 1258 (Pa. 2004) (plurality). "One cannot glean from [] bald allegations what evidence of misconduct appellee intended to produce." ***Castro***, ***supra*** at 825.

The Commonwealth avers that the trial court erroneously granted Appellee's Motion for a New Trial because: (1) Appellee did not present evidence; he only presented allegations of criminal wrongdoing unrelated to his case; (2) Appellee would only use the evidence to impeach Officer

Dmytryk; and (3) the allegations would not compel a different verdict at a new trial because multiple officers observed the drug transactions. Appellant's Brief at 19-27; Appellant's Reply Brief at 8-9. The Commonwealth also argues that Appellee failed to show that his documents were "producible and admissible at a subsequent trial." Appellant's Brief at 16.

Appellee responds that the trial court properly granted his Motion for a New Trial based on after-discovered evidence because: (1) he could not have obtained or discovered the "evidence" prior to trial by exercising reasonable diligence because the indictment remained sealed until he filed his motion; (2) the "evidence" is not merely corroborative or cumulative because nothing similar was presented at the trial and he had no reason to challenge the officer's credibility; (3) he would not use the "evidence" solely for impeachment because he would also file a motion to reveal the confidential informant and a motion to suppress; and (4) the "evidence" would likely compel a different verdict. Appellee's Brief at 19-33.

Applying the law to the facts of this case, we conclude that the trial court incorrectly found that Appellee provided "after-discovered evidence" warranting the grant of a new trial. The items and allegations Appellee relies on to support his after-discovered evidence claim include: (1) the federal indictment referencing the **Mills** case; (2) the federal civil rights complaint filed in **Mills**; (3) the newspaper article; (4) the preliminary

- 7 -

hearing transcript and other police paperwork from the *Mills* case. As described below, these items are not "evidence" and are, in all events, not relevant Appellee's case.

First, Appellee presented a federal indictment. As this Court has previously observed, an indictment is not evidence. *Commonwealth v. Smihal*, 126 A.2d 523, 525 (Pa. Super. 1956). Rather, an indictment "is a final accusation by the grand jury charging a person with the commission of a crime, and such charge, in itself, is no indication of an accused's guilt." *Id*.

The federal indictment against six police officers that Appellee presented as "after-discovered evidence" does not contain any allegations that have any connection to the instant case. Significantly, Officer Dmytryk was not one of the six indicted officers, and none of the six indicted officers played any role in Appellee's case. The indictment mentions "S.D." in only one paragraph, and the allegation of wrongdoing in that paragraph relates to another case. In fact, U.S. Attorney Memeger stated that Officer Dmytryk was not the subject of a federal investigation with respect to the allegations in the federal indictment.

Likewise, the federal civil rights Complaint Appellee provided as "after-discovered evidence" does not meet the definition of admissible, relevant evidence. A Complaint is a pleading asserting allegations or accusations. *See* Pa.R.C.P. 1017-1025, 1029; Fed.R.Civ.P. 2-3, 7-11; *see, e.g. Discover*

***Bank v. Stucka***, 33 A.3d 82, 87 (Pa. Super. 2011) (noting that Bank set forth sufficient "allegations" in its Complaint that, "if ultimately proven, would permit recovery"). As such, it is not evidence. ***See Appeal of Conyngham***, 57 Pa. 474, 1868 WL 7205 (Pa. 1868) (noting that allegations raised in pleadings are not evidence). Moreover, as noted above, the federal complaint Appellee submitted involves allegations about an unrelated person in an unrelated case. The Complaint has nothing to do with Appellee's guilt or innocence and has no connection to the instant case.

Third, the newspaper article does not meet the definition of "evidence" because it is merely the reporter's version of facts and is not admissible at trial. As the court in ***Castro*** held, "[w]hile newspaper articles can alert a party to the possible existence of evidence, the party must do more than attach the article as establishing the **evidence** that will meet the four-pronged test." ***Castro***, ***supra*** at 827 (emphasis added).

Fourth, the transcript and other police paperwork involving an unrelated preliminary hearing for another defendant contain no information that pertains to Appellee's case. As such, these items are irrelevant and, accordingly, inadmissible. Pa.R.E. 401-402; ***Commonwealth. v. Cook***, 952 A.2d 594, 612 (Pa. 2008) ("the rule that irrelevant evidence is not admissible is categorical"). ***See*** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 401.06 (2016 ed. LexisNexis Matthew Bender).

Appellee has not identified testimony, physical evidence, documentation, or other matters that would constitute after-discovered evidence such that a trial court has the authority to the grant of a new trial based on Rule 720(C). The "evidence" that Appellee offers to support his allegations of Officer Dmytryk's wrongdoing is unrelated to his own case. None of the proffered "evidence" shows charges filed against Officer Dmytryk in this or any other case. None of Appellee's "evidence" contains factual findings and official conclusions relevant to Officer Dmytryk or to this case. **See Castro**, **supra** at 827.

Moreover, even if the items identified by Appellee comprised relevant evidence, they would not meet the four-prong admissibility test provided in **Castro**. A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence "solely to impeach a witness's credibility." **Castro**, **supra** at 821 n.7 (citation omitted). Appellee admits that he would use this "evidence" to attack the credibility of Officer Dmytryk's testimony. Appellee's Brief at 26. A new trial could not be granted pursuant to Pa.R.Crim.P. 720 on this basis alone. **See Castro**, **supra** at 827 n.13 (noting that "[e]ven if his impeachment would 'destroy and obliterate' a witness, it is still impeachment[.]").

Although Appellee summarily argues that he would use the "evidence" to find other evidence, "[a]n evidentiary hearing ... is not meant to function as a fishing expedition for any possible evidence that may support some

speculative claim." **Castro**, **supra** at 828. "[T]here must be actual discovery of actual evidence, not merely the possibility of such evidence." **Id.**

Based on the foregoing, we conclude that the trial court erred as a matter of law in granting Appellee's motion for a new trial. Accordingly, we reverse the order of the trial court granting Appellee a new trial based on after-discovered evidence, and reinstate the judgment of sentence.

Order reversed. Judgment of sentence reinstated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2016