J-A11038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES ALBERT SHAFFER, JR. | : | |
| | : | |
| Appellant | : | No. 167 MDA 2017 |

Appeal from the Judgment of Sentence August 8, 2016
in the Court of Common Pleas of Clinton County
Criminal Division at No.:  CP-18-CR-0000055-2015

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 20, 2018**

Appellant, Charles Albert Shaffer, Jr., appeals from the judgment of

sentence imposed following his jury conviction of one count each of criminal

attempt—homicide, aggravated assault, aggravated assault with a deadly

weapon, and recklessly endangering another person, and two counts of simple

assault.[1]  We affirm.

This case arises from Appellant's shooting of his housemate, Casey

Farley, in the abdomen with a shotgun at their joint residence on December

12, 2014.  On the day before the shooting and on the day thereof, Appellant

made a series of complaints to police concerning Farley's alleged theft and

---

[1] 18 Pa.C.S.A §§ 901(a), 2702(a)(1), 2702(a)(4), 2705, and 2701(a),
respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

sale of Appellant's prescription medication (oxycodone). During one phone call, made at 6:25 p.m. on December 12, he stated:

> [Farley] has a pocket full of money over there from selling my medication, and I'm going to confront him.
>
> . . . I got a shotgun and it's loaded. And Jimmy[2] is trying to tell me to settle down, but I'm not. I'm not. I want what's owed to me. I mean, I'm just like livid here.
>
> . . . I'm not homicidal. I'm for justice. . . . If I confront him, he's going to come after me.

(N.T. Trial, 4/26/16, at 98-100). Authorities instructed Appellant not to confront Farley.

Later, Appellant approached Farley while Farley was in the kitchen cooking, and began angrily yelling at him, accusing him of stealing medication from his bedroom. Appellant was holding a shotgun, pointed down towards the ground. Appellant warned Farley to stay out of his room, stating, "if I ever catch you in there again, I'll shoot you." (N.T. Trial, 4/27/16, at 191).

Appellant went upstairs to Dennehy's room, and Farley followed. Appellant pulled a shotgun out from under pillows on the couch, and said: "If you ever go in my room—you stole my pills and I know you took them. . . . You ever go in my room, I'm going to shoot you." (**Id.** at 197). Appellant aimed the gun at the middle of Farley's chest, and poked him in the chest with it. Farley pushed the barrel of the shotgun in an attempt to get it away from Appellant, and Appellant shot him in the upper abdomen. Appellant said: "you

---

[2] James Dennehy was the third roommate.

stole from me . . . I'd reload again and shoot you again . . . but if I do that I won't be able to claim self-defense." (***Id.*** at 200). Dennehy called 911 at 7:49 p.m., and Farley was transported to the hospital for surgery.

On April 29, 2016, a jury found Appellant guilty of the above-stated offenses, following a four-day trial. On August 8, 2016, the trial court sentenced him to a term of not less than fifteen nor more than thirty-five years' incarceration. The court issued an opinion and order denying Appellant's timely post-sentence motion on January 5, 2017, following a hearing. This timely appeal followed.[3]

Appellant raises the following issues for our review:

I. Whether the trial court erred in denying Appellant's motion for judgment of acquittal on all charges due to insufficient evidence being presented at trial, and where the Commonwealth failed to disprove Appellant's claim of self-defense since Appellant: (1) was not the initial aggressor; (2) did not provoke the difficulty which resulted in the shooting of the complaining witness; and (3) reasonably believed that he was in imminent danger of death or serious bodily injury such that it was necessary to use deadly force to prevent such harm; and where there was an abundance of evidence and testimony presented at trial that the complaining witness had a reputation for aggressive, violent, and physically threatening behavior, which was known to Appellant through his prior dealings with the complaining witness, and where the complaining witness actually threatened to kill Appellant just moments before the shooting?

II. Whether the trial court erred in denying Appellant's motion for a new trial on all charges since the trial court declined to give

---

[3] Appellant timely filed a court ordered concise statement of errors complained of on appeal on February 7, 2017. The trial court entered an opinion on February 21, 2017, in which it referred this Court to its opinion and order filed January 5, 2017. ***See*** Pa.R.A.P. 1925.

Appellant's requested jury instructions that would have specifically informed the jury of the various nuances of self-defense as it related to the evidence presented at trial such that the law regarding self-defense was not clearly, adequately, and accurately presented to the jury for its consideration, and the record did not support the trial court's decision?

III. Whether the trial court erred in denying Appellant's motion for a new trial on all charges since the trial court declined to give Appellant's requested jury instruction that would have informed the jury that they could consider the character evidence presented at trial that the complaining witness had a violent and aggressive character when such evidence was relevant to corroborate Appellant's knowledge of the complaining witness's violent character to show that Appellant reasonably believed that he was at risk of serious injury or that his life was in danger, and/or to prove the existence of the violent propensities of the complaining witness to show that the complaining witness was the aggressor?

IV. Whether the trial court erred in denying Appellant's motion for a new trial on all charges by declining to follow the doctrine of *stare decisis*, and where after-discovered evidence revealed that the complaining witness, who had previously testified at trial that he was not planning on bringing a civil lawsuit against Appellant, consulted with a civil attorney in between his testimony in the Commonwealth's case-in-chief and the Commonwealth's rebuttal at Appellant's trial such that the jury could not properly evaluate the complaining witness's testimony for bias or motive since the circumstances relating to the complaining witness's prior testimony had materially changed in the middle of trial?

V. Whether the trial court erred in denying Appellant's motion for a new trial on all charges because the jury's verdict was against the weight of the evidence, manifestly unreasonable, and so contrary to the evidence as to shock one's sense of justice since certain facts were so clearly of greater weight that to ignore them or to give them equal weight with all the other facts is to deny justice including, but not limited to, that the only objective eyewitness told police immediately after the shooting that the complaining witness chased the Appellant through his home, threatened to kill Appellant, and would have seriously injured Appellant had Appellant not acted in self-defense?

(Appellant's Brief, at 9-10) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting all of the charges, arguing that the Commonwealth failed to disprove that he acted in self-defense.  (*See id.* at 31-38).  Appellant claims that he was not the initial aggressor during the incident, that he did not provoke it, and that his use of deadly force against Farley was necessary. (*See id.* at 31, 34, 36-38).  This issue does not merit relief.

> We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018) (citation and quotation marks omitted).

> When a defendant claims self-defense, the burden is on the Commonwealth to disprove the defendant's claim beyond a reasonable doubt.  In order for a defendant to successfully claim self-defense, he or she must meet the following three elements: (1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that the use of deadly force was necessary to prevent such harm; (2) the defendant did not provoke the incident which resulted in the victim's death; and (3) the defendant did not violate any duty to retreat. . . .  [T]he Commonwealth has the burden of disproving self-defense beyond a reasonable doubt and may do so by disproving any one of the three self-defense elements the defendant must meet.

*Commonwealth v. Patterson*, 180 A.3d 1217, 1231 (Pa. Super. 2018) (citations omitted).

Here, the Commonwealth has proven beyond a reasonable doubt that Appellant was the aggressor and provoked the incident in this case, and therefore his self-defense claim must fail. As noted above, during the day leading up to the shooting, Appellant made numerous phone calls to police wherein he seemed "obsessed" with his allegations against Farley, culminating in a call referencing his loaded shotgun and desire "for justice." (N.T. Trial, 4/26/16, at 55, 100; *see id.* at 85, 98). Although authorities directed him not to confront Farley, Appellant proceeded to do so anyway with a loaded gun, angrily yelling accusations regarding theft of his medication. (*See id*. at 98-99; N.T. Trial, 4/27/16, at 189, 206). Appellant threatened to shoot Farley, aimed the gun at the center of his chest, and pulled the trigger when Farley attempted to move it away from him. (*See* N.T. Trial, 4/27/16, 191, 196-201). Based on the foregoing, we conclude that the Commonwealth met its burden of disproving Appellant's self-defense claim beyond a reasonable doubt, and the evidence fully supports the jury's guilty verdict.

We will address Appellant's second and third issues together because they are related, and both challenge the trial court's jury instruction on self-defense. Appellant contends that the court's instruction failed to clearly, adequately, or accurately present the law, and was deficient in light of the record. (*See* Appellant's Brief, at 39-47). He acknowledges that the court issued the standard jury instruction on self-defense, but claims that the proposed instructions that he submitted, which the court rejected, were instead appropriate. (*See id.* at 39). He further argues that the court's

refusal to instruct the jury regarding Farley's aggressive character and reputation for threatening violence as it related to Appellant's claim of self-defense rendered its instruction on self-defense incomplete and inadequate. (***See id.*** at 48-53). These issues lack merit.

Our standard of review is as follows:

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. **A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury**.

***Commonwealth v. Miskovitch***, 64 A.3d 672, 684 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013) (citation omitted; emphasis in original).

"[A] trial court need not accept counsel's wording for an instruction, as long as the instruction given correctly reflects the law." ***Commonwealth v. Towles***, 106 A.3d 591, 607 (Pa. 2014), *cert denied*, 135 S.Ct. 1494 (2015) (citation omitted) (rejecting appellant's challenge to trial court's use of instruction substantially based on Pennsylvania Suggested Standard Criminal Jury Instructions).

Here, the record reflects that the trial court issued to the jury a comprehensive and thorough instruction on self-defense, substantially based on the Pennsylvania Suggested Standard Criminal Jury Instruction. (***See*** N.T. Trial, 4/29/16, at 80-84; Trial Court Opinion, 1/05/17, at unnumbered page

5; Commonwealth's Brief, at 17-18). The instruction, read as a whole, clearly and accurately represented the law on self-defense; thus, there was no error. *See Towles*, *supra* at 607; *Miskovitch*, *supra* at 684. Therefore, Appellant's second and third issues merit no relief.

In his fourth issue, Appellant argues that the trial court erred in denying his motion for a new trial based on after-discovered evidence concerning Farley. (*See* Appellant's Brief, at 54-62). Specifically, he claims that Farley's mid-trial pursuit of a civil suit against Appellant constituted a new, material fact demonstrating that Farley's testimony was biased, and motivated by financial gain. (*See id.* at 54, 61). Appellant maintains that because Farley's actions in this regard contradicted his trial testimony, a new trial is warranted. (*See id.* at 54, 56, 61-62). This issue merits no relief.

"When we examine a trial court's decision to deny a new trial on the basis of after-discovered evidence, we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." *Commonwealth v. Woeber*, 174 A.3d 1096, 1108 (Pa. Super. 2017) (citations and internal quotation mark omitted).

> To obtain a new trial based on after-discovered evidence, the defendant must prove, by a preponderance of the evidence, that the evidence: (1) could not have been obtained before the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict. [*S*]*ee* Pa.R.Crim.P. 720(c). . . .

*Commonwealth v. Murray*, 174 A.3d 1147, 1153 (Pa. Super. 2017) (case citation omitted). There must be discovery of "actual evidence" that is producible and admissible. *Commonwealth v. Griffin*, 137 A.3d 605, 610 (Pa. Super. 2016), *appeal denied*, 157 A.3d 476 (Pa. 2016); *see id.* at 608.

Here, at trial, defense counsel questioned Farley as follows:

> Q. Have you arranged a civil attorney for a civil suit against [Appellant]?
>
> A. No.
>
> Q. Are you planning on suing for this matter?
>
> A. No, I don't believe there is anything to sue for.
>
> Q. [Appellant] doesn't have much?
>
> A. Not that I know of.

(N.T. Trial, 4/27/16, at 269-70).

Following trial, defense counsel received a letter from Farley's attorney dated April 30, 2016 (one day after the jury verdict) advising that Farley would be pursuing a civil action against Appellant arising from the shooting. (*See* Letter from Jessalyn Cool, Esq. to Appellant, 4/30/16, at 1). At the hearing on Appellant's post-sentence motion, defense counsel and Farley had the following exchange:

> Q. At the trial . . . I asked you point blank, have you arranged for a civil attorney for a civil suit against [Appellant], and your answer was, no. Do you recall that?
>
> A. Yes.
>
> Q. That wasn't true, was it?

A. Sure it was.

Q. That was true?

A. At the time you asked me, yes.

Q. When did you consult with . . . your civil attorney . . . [?]

A. Later that day.  Pretty much you gave me the idea for a lawsuit.

Q. That's when she gave you the idea of the lawsuit?

A. You did.  When you asked the question, it brought it into my mind.  I already had the attorney for a Social Security Disability case, so I called her up and asked about it.  She said, yeah, we can do that.

(N.T. Hearing, 12/21/16, at 11-12).

The trial court determined that the purported after-discovered evidence regarding the civil suit was not actual evidence.  It explained:

. . . [T]his newly-discovered evidence does not establish a new fact.  The victim denies that his statements were untruthful at the time he testified.  The victim further testified that any decision to proceed with recovery of damages in a civil trial was made after he was cross-examined by defense counsel.  There is nothing before the [c]ourt that will permit it to find that the victim testified untruthfully at the time of his testimony. . . .

(Trial Ct. Op., at unnumbered pages 8-9).

Upon review, we agree with the trial court, and discern no abuse of discretion or error of law that controlled the outcome of this case.  **See** **Woeber**, **supra** at 1108.  Therefore, Appellant's fourth issue merits no relief.

- 10 -

In his final issue, Appellant challenges the weight of the evidence supporting his conviction.[4] (***See*** Appellant's Brief, at 63-64). Appellant argues that the jury should have given greater weight to the recorded statements Dennehy gave to police immediately after the shooting, which he claims establish that Farley was the aggressor during the incident. (***See id.***). Appellant maintains that Dennehy's trial testimony, which was not favorable to Appellant, should have been afforded minimal weight, because of Dennehy's problems with his memory. (***See id.*** at 64). This issue lacks merit.

> . . . The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> Moreover, [a]ppellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

---

[4] Appellant preserved his weight claim by raising it in his post-sentence motion. ***See*** Pa.R.Crim.P. 607(A)(3).

- 11 -

[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed. For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence.

*Miller*, *supra* at 642–43 (citations and quotation marks omitted).

Here, the record shows that Appellant shot Farley at close range in the abdomen after becoming increasingly irate over a several hour period because of Farley's alleged theft of his oxycodone. (*See* N.T. Trial, 4/26/16, at 85-86, 98-99; N.T. Trial, 4/27/16, at 197-98). The jury heard Dennehy's recorded statements to police, his trial testimony, and his explanation of his problems with his memory. (*See* N.T. Trial, 4/27/16, at 68-177). The jury, as fact finder, was free to believe all, some, or none of the evidence, and to resolve any discrepancies in the testimony or credibility issues. *See Miller*, *supra* at 642–43. The trial court rejected Appellant's weight claim, stating that the jury's verdict was entirely consistent with the outcome it expected, and that the evidence of Appellant's guilt was "overwhelming." (Trial Ct. Op., at unnumbered page 4). Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim. *See Miller*, *supra* at 642–43. Therefore, Appellant's final issue does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018