J-S09043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN A. GREEN | : | |
| | : | |
| Appellant | : | No. 866 EDA 2019 |

Appeal from the PCRA Order Entered March 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0303591-2001

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED APRIL 17, 2020**

Appellant, John A. Green, appeals, *pro se*, from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On November 28, 2000, two officers of the Philadelphia Police Department observed Appellant discharge a firearm at two fleeing individuals, one of whom died.  Appellant and one of the officers exchanged gunfire during an ensuing chase, and Appellant was apprehended after he was struck in the foot by a bullet.  Appellant proceeded to a non-jury trial in the spring of 2003, at which his counsel extensively cross examined the officer regarding a prior incident in which the officer shot an individual in a moving vehicle and was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

found to have violated a department directive. On May 30, 2003, the trial court convicted Appellant of murder of the third degree, criminal conspiracy, carrying a firearm on a public street, aggravated assault, recklessly endangering another person, and resisting arrest.[2] On October 7, 2003, the trial court sentenced Appellant to an aggregate sentence of 19 to 38 years of confinement. Appellant appealed the judgment of sentence, and this Court affirmed the conviction. *Commonwealth v. Green*, No. 3340 EDA 2003 (Pa. Super. filed March 15, 2005) (memorandum decision). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Green*, 880 A.2d 1236 (Pa. 2005) (table).

Appellant filed a timely *pro se* PCRA petition on April 20, 2006. The PCRA court appointed counsel for Appellant, and counsel filed an amended PCRA petition on December 18, 2007. The PCRA court dismissed the petition on April 25, 2008. Appellant appealed, and this Court affirmed the dismissal. *Commonwealth v. Green*, No. 1550 EDA 2008 (Pa. Super. filed September 1, 2009) (memorandum decision). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Green*, 991 A.2d 311 (Pa. 2010) (table).

Appellant filed his second PCRA petition on January 30, 2018. In the petition, Appellant asserts that his request for PCRA relief was timely under the newly discovered fact exception to the PCRA's one-year time bar. PCRA

---

[2] 18 Pa.C.S. §§ 2502, 903, 6108, 2702, 2705, and 5104, respectively.

Petition, 1/30/08, at 2-3, 5 (citing 42 Pa.C.S. .§ 9545(b)(1)(ii)). As the newly discovered fact that would support the timeliness exception, Appellant cites to a January 17, 2017 decision by the federal district court for the Eastern District of Pennsylvania, **Wright v. City of Philadelphia**, 229 F.Supp.3d 322 (E.D. Pa. 2017), in a case asserting federal civil rights and state law actions concerning the alleged fabrication of evidence, forced confession, and malicious prosecution of the plaintiff. PCRA Petition, 1/30/08, at 4-6, 12. In **Wright**, the district court denied the motion to dismiss brought by the defendants, the City of Philadelphia and eleven Philadelphia police officers. Although neither of the officers who arrested Appellant were named in the **Wright** suit, Appellant claimed in his PCRA petition that the federal decision shows that "the Philadelphia City Police has a common pattern, practice and custom of unconstitutional misconduct, which [Appellant] was in fact subjected to first hand." **Id.** at 5.

On December 12, 2018, the PCRA court filed a notice of its intention to dismiss the petition without a hearing pursuant to Rule of Criminal Procedure 907. On March 14, 2019, the court dismissed the petition as untimely. Appellant filed a timely appeal of the PCRA court's March 14, 2019 order.[3]

Appellant presents the following issues on appeal:

> I. Did the PCRA court err as a matter of law when it failed to hold an evident[i]ary hearing on Appellant's claim of Newly Discovered [facts] and dismissed the PCRA Petition as being Time-Barred

---

[3] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal. The court issued an opinion on May 21, 2019.

- 3 -

where Appellant pled and met the exception to the PCRA Time-Bar.

II. Is the Appellant entitled to the relief he seeks based on the recent Judicial decisions of both the Pennsylvania Superior and Supreme Court's concerning the After-Discovered Facts exception to the PCRA Time-Bar.

Appellant's Brief at 4 (suggested answers omitted). We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year period only if the petitioner alleges and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. §

- 4 -

9545(b)(2) (former version).[4] "The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim." **Commonwealth v. Greco**, 203 A.3d 1120, 1124 (Pa. Super. 2019).

Appellant does not dispute that his second PCRA petition is untimely as it was not filed within one year of the date his conviction became final, but contends that his petition satisfies the newly discovered fact timeliness exception based upon the **Wright** decision. "The newly discovered fact exception has two components, which must be alleged and proved[:] 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Brensinger**, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*) (citation and quotation marks omitted). "Due diligence requires the petitioner take reasonable steps to protect his own interests." **Id.** (citation and quotation marks omitted).

In this matter, the PCRA court did not err in concluding that Appellant failed to satisfy the newly discovered facts exception. The newly discovered "fact" upon which Appellant relies is the federal district court decision in **Wright**; however, "judicial determinations are not facts," and therefore

---

[4] Appellant filed the instant PCRA petition prior to the October 24, 2018 amendment of Section 9545(b)(2) enlarging the time period for asserting a timeliness exception from 60 days to one year. **See** Act of October 24, 2018, P.L. 894, No. 146, §§ 2, 4 (effective December 24, 2018).

"decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011). Even looking at the underlying determination in **Wright**, the district court was ruling on the defendants' motion to dismiss, and therefore the court accepted as true all of the allegations in the plaintiff's complaint for the purpose of its decision. 229 F.Supp.3d at 325 n.1, 329. "A [c]omplaint is a pleading asserting allegations or accusations," not facts. **Commonwealth v. Griffin**, 137 A.3d 605, 609 (Pa. Super. 2016). Thus, the complaint that serves as the basis for the **Wright** decision does not state newly discovered "facts" that would allow Appellant to meet the timeliness exception of Section 9545(b)(1)(ii). **Compare Commonwealth v. Castro**, 93 A.3d 818, 827 (Pa. 2014) (holding that "[s]imply relying on conclusory accusations made by another, without more, is insufficient to warrant a hearing" for a new trial based on supposed after-discovered evidence); **Griffin**, 137 A.3d at 609 (allegations contained in a federal rights complaint do not constitute after-discovered evidence that would authorize a trial court to grant a new trial).

As Appellant did not satisfactorily plead an exception to the one-year PCRA time bar based on a newly discovered fact, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/20