J-S16028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                         :                PENNSYLVANIA
                                                          :
                 v.                                               :
                                                          :
RASHAWN EDWARDS                            :
                                                          :
               Appellant                    :     No. 2197 EDA 2019

Appeal from the PCRA Order Entered June 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014637-2011

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED AUGUST 14, 2020**

Rashawn Edwards appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Edwards maintains that the PCRA court erred in dismissing his petition as untimely. We affirm.

The PCRA court summarized the facts underlying this case as follows:

> [Aaron] Young allegedly had a dispute with inmate Sean Sulivan over a block worker job. Sulivan passed "bangers" to the co-defendants and devised a plan to attack; the plan included distracting the prison guards so that the perpetrators could invade cell 15 which housed victims Young and [Richard] Gyton. [The decedent Earl] Bostic was nearby watching television in a day room when he was attacked by the co-defendants.[1]
>
> Bostic died of multiple stab wounds to the neck, chest, back and right arm, one of which partially severed his aorta. Gyton and Young were seriously injured when they were

_____

[1] The co-defendants include instant Appellant Edwards.

stabbed in the hand, head, arm and stomach by the co-defendants. The perpetrators used shanks and bangers to carry out the bloody attacks.

Police officers interviewed Gyton at Hahneman Hospital at the time he was being treated for his stab wounds. The officers memorialized Gyton's statements in a document, which was later read into the record at both the preliminary hearing and at trial. In the document, Gyton identifies the co-defendants as the individuals who stabbed the inmate-victims. At trial, however, Gyton testified he did not know who stabbed him, he recanted statements he allegedly made during a prison assessment that indicated he needed to be separated in jail from the co-defendants because he feared they would harm him again, and he testified about a letter he sent to the co-defendants explaining that his "story" about them committing the crimes had been fabricated.

PCRA Ct. Op., 6/20/19, at 2-3.

In May 2013, a jury convicted Edwards of two counts of attempted murder, two counts of aggravated assault, and one count each of conspiracy to commit murder, possession of an instrument of a crime, and prohibited offensive weapons.[2] The trial court sentenced him in July 2013 to an aggregate term of 19 to 42 years' imprisonment. Edwards filed a direct appeal and in January 2015, this court affirmed his judgement of sentence. The Pennsylvania Supreme Court denied his petition for allowance of appeal on October 7, 2015.

After litigating a prior, unsuccessful PCRA petition, Edwards filed the instant, *pro se* PCRA petition on December 12, 2018. He retained private counsel who filed an amended petition. The PCRA court issued a Pa.R.Crim.P.

---

[2] 18 Pa.C.S.A. §§ 2502, 2702(a), 903, 907(a), and 908(a), respectively.

- 2 -

907 notice of intent to dismiss Edwards' petition. Edwards did not respond to the Rule 907 notice, and the PCRA court dismissed his petition on June 20, 2019. This appeal followed.

Edwards raises a single issue for our review: "Did the PCRA Court err, violating [Edwards'] right to due process and a fair trial by finding that [Edwards'] newly discovered evidence was not timely and lacked merit?" Edwards' Br. at 3.

Edwards' claim that his PCRA petition was timely lacks merit. A PCRA petition is timely if filed within one year after the date the judgment of sentence became final. **Commonwealth v. Hart**, 199 A.3d 475, 480 (Pa.Super. 2018). Edwards' conviction became final on January 5, 2016, 90 days after the Pennsylvania Supreme Court denied discretionary review, at which point the deadline for filing a petition for writ of *certiorari* in the Supreme Court of the United States expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13(1).

Thus, Edwards had until January 5, 2017 to file a timely petition and the instant petition, filed in December 2018, is facially untimely. Therefore, the PCRA court lacked jurisdiction to review Edwards' petition unless he pleaded and proved that one of the statutory exceptions to the PCRA's one year time-bar applied.

The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A petitioner must raise an exception to the PCRA's time bar within one year of the date the petitioner could have first raised it. 42 Pa.C.S.A. § 9545(b)(2). This deadline increased from 60 days to one year, effective December 24, 2018. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. However, the new, extended deadline applies only to claims arising on or after December 24, 2017. **Id.** Here, as we will discuss below, Edwards cites **Commonwealth v. Thorpe**, No. CP-51-CR-0011433-2008 (Phila.Cty. filed Nov. 3, 2017), in support of his claim. Because that case was issued in November 2017, the 60-day filling requirement applied. Because Edwards did not file the instant petition until December 12, 2018, he missed that deadline. Nonetheless, we conclude that Edwards' raising of the exception was timely. He filed the instant petition within 60 days of the end of his prior PCRA appeal. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (if the facts upon which a PCRA petitioner's newly discovered evidence claim is based are discovered during the pendency of an appeal of a prior PCRA petition, the claim is timely if filed within 60 days of the resolution of the prior petition).

- 4 -

Even so, Edwards fails to establish that his claim survives the PCRA's time-bar. He argues that the second exception to the time-bar, the newly discovered fact exception, applies. **See** 42 Pa.C.S.A. § 9545(b)(ii). To invoke this exception, a petitioner must plead and prove that: 1) a fact giving rise to the petitioner's substantive PCRA claim was unknown to him, and 2) the petitioner could not have ascertained the fact earlier by the exercise of due diligence. **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa.Super. 2017). "[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015 ) (citations and quotation marks omitted).

In this case, Edwards essentially argues that police coerced the recanting witnesses into implicating him. This is fundamentally the same claim that Edwards put forward in his prior PCRA petition. In this petition, Edwards adds the assertion that the court's factual findings in **Thorpe** constituted newly discovered facts pertinent to his case. The **Thorpe** court held that a Philadelphia homicide detective, Detective James Pitts, used coercive and unconstitutional interrogation tactics. However, **Thorpe** is of no moment here because Detective Pitts was not involved in the investigation of Edwards' case and any wrongdoing by Detective Pitts is not a "fact" on which Edwards bases his substantive claim. He attempts to overcome this hurdle by implying that Detective Pitt's misconduct should be imputed to the detectives involved in his case. That tactic is unavailing. **Cf. Commonwealth v. Johnson**, 179 A.3d

- 5 -

1105, 1123 (Pa.Super. 2018) (holding that a detective's criminal convictions years after the petitioner's case in an unrelated matter would be used solely to impeach credibility and had no bearing on petitioner's case); **Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012) (holding that filing of criminal charges against a detective in an unrelated matter would not meet the after-discovered evidence test as it would be used solely to impeach credibility and would not likely result in a different verdict).

Moreover, Edwards fails to prove that the inapposite factual determinations in **Thorpe** constitute newly discovered facts that were previously "unknown" to him. Edwards already asserted that police coerced the recanting witnesses into implicating him in his first PCRA petition. **Thorpe** represents a different source for those same allegations, and is not itself a new "fact" sufficient to invoke the "new fact" exception to the PCRA's time bar. **See Shiloh**, 170 A.3d at 558; **Brown**, 111 A.3d at 176.

Furthermore, the PCRA court properly determined that Edwards previously litigated this claim. In order to obtain relief under the PCRA, a petitioner must prove that the allegation of error has not been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring petitioners to prove that allegations of error have not been previously litigated or waived, in order to be eligible for relief under PCRA). Here, Edwards previously raised Richard Gyron's, Omar Fulton's, and Tyrell Rivers' recantation as "new facts." However, Edwards failed to provide the necessary written support for his contentions and his claim failed. PCRA Ct. Op. at 9-10. Hence, the PCRA court

properly determined that Edwards' claim regarding Gyron's, Fulton's, and Rivers' recantation testimony had been previously litigated and is thereby not eligible for instant relief. **See** 42 Pa.C.S.A. § 9543(a)(3).

The trial court also aptly found that even if Edwards' claim was timely, a new trial would not be in order. To obtain a new trial based on after-acquired evidence, the petitioner must prove that: (1) the petitioner could not have obtained the new evidence prior to the conclusion of the trial by exercising due diligence; (2) the evidence is not merely corroborative or cumulative; (3) the petitioner will not use it solely to impeach the credibility of a witness; and (4) a new trial would likely result in a different verdict. **See Commonwealth v. Griffin**, 137 A.3d 605, 608 (Pa.Super. 2016).

Edwards claims that the factual determinations provided in **Thorpe** are relevant for more than just impeachment purposes. **See Griffin**, 137 A.3d at 610. To this end, he cites this Court's decision in **Commonwealth v. Williams**, 215 A.3d 1019, 1026-28 (Pa.Super. 2019), for the proposition that evidence of police misconduct constitutes an elevated type of evidence that is relevant for more than just impeachment purposes. However, **Williams** is distinguishable. There, a lone detective testified at trial and the after-discovered evidence at issue concerned the alleged misconduct of that specific detective regarding the actual case at hand. **Id.** Here, Edwards fails to make any connection between the **Thorpe** findings and the detectives involved in the instant matter. Thus, Edwards has not established that any factual determinations gleaned from **Thorpe** would be potentially relevant other than

for impeachment purposes. *See Johnson*, 179 A.3d at 1123; *Foreman*, 55 A.3d at 537.

Lastly, as noted by the PCRA court, a new trial would be unjustified in this case because ample evidence supported Edwards' conviction independent of the recanting witnesses' testimony. At trial, Edwards was identified by another eyewitness, George Moore, and the prosecution introduced DNA evidence recovered from the murder weapon that matched Edwards. PCRA Ct. Op. at 8-9. Thus, Edwards also fails to establish that after-acquired evidence would compel a different verdict in his case. *See Griffin*, 137 A.3d at 608.

Accordingly, Edwards' petition was filed after the PCRA's one-year time-bar and does not qualify for any exception. Thus, we affirm the PCRA Court's dismissal of Edwards' petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/20