J-A01038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LONNIE A. COLEMAN | : | |
| | : | |
| Appellant | : | No. 2798 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001773-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED DECEMBER 29, 2025**

Lonnie A. Coleman ("Coleman") appeals from the judgment of sentence imposed after a jury acquitted him of murder and possessing an instrument of crime and found him guilty of three violations of the Uniform Firearms Act ("VUFA").[1]  Coleman, in relevant part, argues that the trial court abused its discretion when denying, by operation of law, supplemental post-sentence motions claiming after-discovered evidence required a new sentencing hearing and the recusal of the sentencing judge.[2]  Because the trial court made no findings of fact and did not substantively address the recusal motion, we

---

[1] **See** 18 Pa.C.S.A. §§ 6105, 6106, and 6108.

[2] **See** Pa.R.Crim.P. 720(C) & comment ("paragraph (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage"); **see also** Pa.R.Crim.P. 720(B)(3)(b), (c) (providing for the denial of post-sentence motions by operation of law after 120 days).

remand for the trial court to consider those motions and strike this appeal from the argument list.

The facts and procedural history leading to Coleman's VUFA convictions are well known to the parties and need not be summarized for the purpose of this decision. The trial court held a sentencing hearing on May 10, 2024, and ultimately imposed an aggregate sentence of twelve years to twenty-four years of imprisonment. Coleman timely filed an initial post-sentence motion to reconsider the sentence ("first post-sentence motion"). Of relevance to this appeal, Coleman filed two supplemental post-sentence motions in August 2024, and an affidavit (collectively, "the supplemental post-sentence motions"). Read together the supplemental post sentence motions sought a new sentencing hearing and recusal of the sentencing judge because, Coleman alleged that, after trial, the sentencing judge told Coleman's parole officer that it was "'unbelievable that the jury found [Coleman] not guilty' of murder[,]" there was a video of Coleman "'shooting the victim up like Tupac[,]'" and that the judge would give Coleman "the strictest sentence allowable . . .." Motion to Vacate Sentence for After-Discovered Evidence, 8/1/24, at 4 and Exhibit A; Motion for Recusal, 8/1/24, at 5-6; Affidavit, filed 8/9/24, at 2 (unpaginated).

The trial court took no action on any of the post-sentence motions. In September 2024, the clerk of the court issued an order denying Coleman's first post-sentence motion by operation of law. Coleman filed a notice of appeal from that order and thereafter complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. In November 2024, the clerk of the

court entered a separate order denying Coleman's supplemental post-sentence motions by operation of law. Although the trial court issued Pa.R.A.P. 1925(a) opinion, it did not reference, or consider the issues raised in, Coleman's supplemental post-sentence motions regarding recusal or resentencing in light of the parole officer's report and affidavit.

Before considering the issues raised in this appeal, we note this Court has no testimony or specific findings of fact by the trial court regarding the supplemental post-sentence motions and no analysis by the trial court of Coleman's recusal claim. We conclude that the lack of substantive rulings on, and discussion of, Coleman's after-discovered evidence and recusal claims impedes meaningful appellate review in light of the deferential standards of review we must employ when reviewing determinations on after-discovered evidence claims and recusal motions. *See Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016) (discussing the standard of review of Rule 720(C) motions); *Commonwealth v. Kane*, 188 A.3d 1217, 1225-26 (Pa. Super. 2018) (discussing the standard of review of a recusal claim and noting that a decision on recusal is a "personal and unreviewable decision that only the jurist can make"). Under these circumstances, we vacate the orders denying Coleman's supplemental post-sentence motions by operation of law and remand for the trial court to review and decide Coleman's supplemental

post-sentence motions within sixty days of this decision.[3]  The trial court may take any additional action it deems necessary to decide these motions.  To the extent, the trial court denies further relief, Coleman may take a timely appeal from the orders denying his supplemental post-sentence motions.

Orders denying supplemental post-sentence motions vacated.  Case remanded.  Appeal stricken from the argument list.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2025

---

[3] Coleman opposes remand asserting there is no need to develop the record and the bias demonstrated by the trial court was overwhelming.  **See** Coleman's Reply Brief at 5 (asserting that "no additional evidence [is] needed to rule on [Coleman's] claim that the trial court's statements to [the] parole officer demonstrate bias and demand a new sentencing hearing before a new judge").  Given the state of the record, however, we conclude that further development is required on Coleman's claim of after-discovered evidence as there are no facts of record and we are not a fact-finding court.  We also decline to intrude on the intensely personal decision of the sentencing judge to decide the issue of recusal.  **Cf**. ***Commonwealth v. Druce***, 848 A.2d 104, 111 (Pa. 2004).