J-S49036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ERIC KUHNS | : | |
| | : | |
| Appellant | : | No. 1750 WDA 2019 |

Appeal from the PCRA Order Entered November 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005268-2011

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED DECEMBER 17, 2020**

Appellant, Jason Eric Kuhns, appeals from the order entered in the Court of Common Pleas of Allegheny County dismissing his patently untimely, serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, for his failure to prove all requirements of the after-discovered evidence claim he raised pursuant to subsection 9543(a)(2)(vi), *infra*.  We affirm.

In 2012, a jury convicted Appellant of first-degree murder, burglary, robbery, and receiving stolen property on evidence that he forcibly entered the home of his wife's 90 year-old grandfather, Mr. Cuddy Briskin, and bludgeoned him to death with a tire iron while stealing valuable coins, which he later pawned for drug money.  On August 16, 2012, the court imposed a

---

[*] Former Justice specially assigned to the Superior Court.

mandatory sentence of life imprisonment for first-degree murder, along with a consecutively run, aggregate sentence of 15 ½ to 31 years on the remaining convictions. On direct appeal, this Court affirmed judgment of sentence. *Commonwealth v. Kuhns*, No. 1972 WDA 2012 (unpublished memorandum, June 3, 2014), and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on October 29, 2014.

On August 6, 2015, Appellant filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended petition asserting that trial counsel rendered ineffective assistance for failing to seek suppression of Appellant's allegedly involuntary post-arrest statement. The PCRA court denied the petition without a hearing and this Court affirmed in *Commonwealth v. Kuhns*, No. 1909 WDA 2015 (unpublished memorandum, July 29, 2016). Our Supreme Court denied Appellant's Petition for Allowance of Appeal on December 28, 2016.

On March 8, 2018, Appellant filed a patently untimely, second *pro se* PCRA petition invoking the newly-discovered facts exception based a February 3, 2018 newspaper article reporting that the former homicide detective who secured his statement to police, Detective Margaret Sherwood, had been charged criminally for making false statements in two murder investigations occurring in 2014 and 2015, respectively. Specifically, Sherwood's false statements concerned eyewitnesses' identifications of an offender in the first investigation and identifications made from a photo array in the second investigation.

- 2 -

The PCRA court appointed counsel, who determined that he was constrained to file a **Turner**/**Finley**[1] No-Merit Letter because the alleged newly-discovered fact would not materialize until Detective Sherwood, who had only been charged with crimes at that point, was actually convicted. The PCRA court agreed and dismissed Appellant's second PCRA petition. No appeal was taken.

Twenty-one days after Sherwood's convictions, Appellant filed the instant PCRA petition on August 23, 2019, again raising the newly-discovered fact exception to the PCRA time-bar. The PCRA court appointed the same counsel who represented Appellant previously, and counsel filed an amended petition. The court accepted jurisdiction over Appellant's petition, having determined that it was timely filed pursuant to the exception. On November 20, 2019, however, the court dismissed Appellant's petition without a hearing pursuant to Pa.R.A.P. 907 for Appellant's failure to prove his after-discovered evidence claim met all requirements. This timely appeal followed.

Appellant raises the following issue for our review:

Did the [PCRA] court err in denying Appellant's PCRA petition and in not awarding Appellant a new trial since the 8/2/19 newly discovered evidence *crimen falsi* criminal convictions of homicide detective Sherwood, which involved lying during homicide investigations, and falsifying official documents during homicide investigations, support Appellant's longstanding claims, since April 2011, that his statement to and waiver of his right were involuntarily and unknowingly given to Detective Sherwood, who

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

was singlehandedly responsible for convincing the jury that Appellant's Murder 1 conviction and life without parole sentence were justified, and necessitate a new trial for Appellant.

Appellant's Brief at 3.

Our review of the denial of a PCRA petition is limited to determining whether the record supports the PCRA court's ruling and whether its decision is free of legal error. *Commonwealth v. Williams*, 196 A.3d 1021, 1026-27 (Pa. 2018); *Commonwealth v. G.Y.*, 63 A.3d 259, 265 (Pa. Super. 2013). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will note be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Initially, we must address whether the PCRA petition at issue in this appeal was timely filed.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on January 27, 2015, upon the expiration of the ninety day period to seek review with the United States Supreme Court after the denied of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition was not filed within one year of that date.

A PCRA petition may be filed beyond the one-year time period, however, if the petitioner pleads and proves one of the following three exceptions:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the

> presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition invoking such an exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Appellant asserted in his PCRA petition that the petition was timely under the exception in Section 9545(b)(1)(ii) for newly-discovered facts. We agree that Appellant satisfied the requirements of Section 9545(b)(1)(ii). Appellant's PCRA petition was based on new facts, namely, the criminal conviction of Detective Sherwood for her misconduct in undertaking investigations, and those facts were unknown to Appellant and not reasonably

---

[2] At the time that Appellant filed this PCRA petition on August 23, 2019, Section 9545(b)(2) had been amended to provide that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provided that the one-year period applies to claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4. Because Appellant's PCRA petition is based on a criminal conviction filed in 2018, after December 24, 2017, the one-year period applies here.

- 5 -

ascertainable by him until Sherwood's conviction. The instant PCRA petition was filed less than one year later and was, therefore, timely filed.

Although Appellant satisfied the newly-discovered facts exception to the PCRA's timeliness requirements, he still faced the additional requirement of presenting the substantive claim of after-discovered evidence pursuant to 42 Pa.C.S. § 9543(a)(2)(vi). Our Supreme Court explained:

> the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). All four of these requirements must be proved; if the defendant fails to establish any one of these, the newly-discovered evidence claim fails. **Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018); **Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010).

These requirements are not met by Appellant's proffer of new evidence that Detective Sherwood committed criminal acts during her investigations of two murders that were unrelated to, and occurred years after, Appellant's

case. As noted, Detective Sherwood was convicted on evidence that she made false statements at trials regarding two murder investigations in 2014 and 2015, respectively. The false statements with which Detective Sherwood was charged concerned whether eyewitnesses to each murder had identified a particular individual and whether individuals who knew a suspect had identified him in photographs from the shooting. Grand Jury Presentment at 1, 3-17.

In the case *sub judice*, there is no evidence that Detective Sherwood made false statements concerning either witness identifications or any other matter. Instead, Appellant baldly contends that the after-discovered evidence relates to Detective Sherwood's role as lead investigator into Appellant's involvement in Mr. Briskin's death and to whether she properly procured Appellant's incriminating statement, which, Detective Sherwood testified at trial, he gave voluntarily during her interrogation of him.

Recently, this Court reviewed a similar after-discovered evidence claim based on the charges filed against Detective Sherwood and concluded that, where the petitioner's case was unrelated to the subsequent conduct committed by the detective, the claim went solely to the detective's credibility and therefore must fail. Specifically, we observed:

> Evidence of a police witness's subsequent misconduct in other unrelated cases does not satisfy the requirements for a new trial based on after-discovered evidence. ***Johnson***, 179 A.3d [1105, 1122-33 (Pa. Super. 2018)] (affirming denial of PCRA after-discovered evidence claim based on criminal convictions of police detective who testified at defendant's trial and was involved in

questioning a witness who identified the defendant, where convictions occurred years after defendant's trial and arose out of conduct in an unrelated case); ***Commonwealth v. Foreman***, 55 A.3d 532, 534-35, 537 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim based on criminal charges against police detective who testified at defendant's trial, where charges arose out of conduct in an unrelated case that occurred more than two years after defendant's trial); ***see also Commonwealth v. Griffin***, 137 A.3d 605, 610 (Pa. Super. 2016) (reversing grant of new trial based on after-discovered evidence of misconduct of police officer who testified at defendant's trial where alleged misconduct was in unrelated case); ***Commonwealth v. Brown***, 134 A.3d 1097, 1108-09 (Pa. Super. 2016) (rejecting after-discovered evidence claim based on interrogating police detectives' misconduct in unrelated cases).

Because the criminal charges do not relate [to] any conduct or facts in Appellant's case, they would at most be relevant only to impeach Detective Sherwood's credibility. ***Johnson***, 179 A.3d at 1123; ***Brown***, 134 A.3d at 1109; ***Foreman***, 55 A.3d at 537. Evidence that is relevant only to impeach the credibility of a witness who testified at trial does not satisfy these requirements and is not sufficient to support the granting of a new trial or PCRA relief based on after-discovered evidence. ***Johnson***, 179 A.3d at 1123; ***Griffin***, 137 A.3d at 610; ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1037 (Pa. Super. 2014).

***Commonwealth v. Rouse***, 2019 WL 5858067 (unpublished memorandum, Pa. Super. November 8, 2019).[3]

Like in ***Rouse***, Detective Sherwood's criminal charges and subsequent conviction do not relate to Appellant's case, which preceded the conduct in Sherwood's case by several years. As such, evidence of Detective Sherwood's

---

[3] Although ***Rouse*** is a non-precedential decision, we cite it as applicable, persuasive authority due to limited precedent on the issue. ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

conviction would be, at most, relevant only to impeach her credibility as a witness against Appellant regarding whether he voluntarily gave his statement. Under controlling precedent cited above, however, impeachment evidence of this sort does not satisfy the requirements of an after-discovered evidence claim. Appellant, therefore, is not entitled to relief. Accordingly, we discern no error with the PCRA court's order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2020