J-S13037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMON WALLS | : | |
| | : | |
| Appellant | : | No. 521 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0711932-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMON WALLS | : | |
| | : | |
| Appellant | : | No. 522 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0711941-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMON WALLS | : | |
| | : | |
| Appellant | : | No. 523 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0712002-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  |  |  |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| DAMON WALLS | : |  |
|  | : |  |
| Appellant | : | No. 524 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0712012-2000

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                     Filed: June 10, 2021

In these consolidated cases, Damon Walls (Walls) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

## I.

## A.

The relevant facts and procedural history of this case are as follows. In March 2001, Walls and co-defendant Edward Watts (Watts) engaged in a two-day shooting spree, resulting in the death of Isa Muhammed (Muhammed) and serious injury to five other victims, including a twelve–year–old bystander. On March 30, 2001, Walls drove his vehicle while Watts shot at the victims' cars, causing accidents and injuries. The following day, Walls and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Watts were both armed when they chased Muhammed's vehicle. Muhammed fled from his car and Walls and Watts followed him on foot and shot him. Muhammed died of gunshot wounds shortly thereafter.

During the course of the investigation, in addition to other detectives, former Philadelphia Police Homicide Detective Ronald Dove (Dove) interviewed Commonwealth witness Samuel Jones (Jones). Jones was shot during the incident and identified Walls as his assailant. Prior to trial, Walls filed a motion to suppress evidence challenging the photo array procedure the detectives employed with Jones, claiming that it was suggestive. Walls maintained that the tainted process led to Jones' erroneous identification of him as the perpetrator. Following a hearing, the trial court denied the suppression motion.

The police officers who conducted the photo array testified consistently that Jones wrote the name "Damon" on the bottom of Walls' photo after the officers asked him to sign his name on the bottom of the picture that he identified. Several witnesses at trial who were passengers in Jones' car corroborated his testimony that Jones had ample opportunity to view Walls through the front windshield of his car as the perpetrators drove by him twice before a car chase ensued.

On November 5, 2001, the jury convicted Walls of first-degree murder, attempted murder, aggravated assault, possession of an instrument of crime and criminal conspiracy. On March 8, 2002, the trial court sentenced him to

life imprisonment without the possibility of parole on the first-degree murder charge, plus 40 to 80 years of state incarceration on the remaining charges. On June 20, 2003, this Court affirmed the judgment of sentence[1] and our Supreme Court denied his petition for allowance of appeal on December 9, 2003. Walls then unsuccessfully litigated a timely first PCRA petition.

**B.**

On June 12, 2017, Walls filed this facially untimely[2] PCRA petition and appointed counsel filed an amended petition. It was facially untimely because a petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final unless he establishes the applicability of one of the three limited timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1).[3]

---

[1] ***Commonwealth v. Walls***, No. 1137 EDA 2002 (memorandum decision) (filed 6/20/03).

[2] Walls' judgment of sentence became final in 2004 when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[3] These exceptions provide:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

- 4 -

Walls claimed that he fell within the newly-discovered fact exception at subsection 9545(b)(1)(ii) that requires that he plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). He claims Dove's April 2017 guilty plea to tampering with physical evidence, obstruction of justice and unsworn falsification in connection with a homicide charge against his then-girlfriend is such after-discovered evidence. He went on to contend that this new evidence undermines the process used by police detectives in having Jones identify him as the perpetrator in this case and shows that Jones was coerced into so identifying him.

To prevail on an after-discovered evidence claim under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

being used solely to impeach credibility; and (4) it would likely compel a different verdict. The test is conjunctive and the petitioner must show by a preponderance of the evidence that each of these factors has been satisfied in order for a new trial to be warranted. *See Foreman*, *supra* at 537.

Walls also raised a separate after-discovered evidence claim of a *Brady* violation[4] based on the prosecution's alleged withholding of the 1999 statements of two police officers before trial. These statements concern the murder of Charlie Watts (C.W.), the brother of his co-defendant, Edward Watts. According to Walls, this evidence is relevant to his case because the statements showed that the same vehicle involved in C.W.'s 1999 murder was also involved in his case and shows that another person was connected to C.W.'s murder.

## C.

The PCRA court issued notice of its intent to dismiss the petition on December 19, 2019,[5] and entered its order dismissing it on January 21, 2020. As an initial matter, the PCRA court found that even though filed more than one year since his judgment of conviction, his petition was not time barred

---

[4] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that suppression by the prosecution of evidence favorable to a defendant violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.).

[5] *See* Pa.R.Crim.P. 907(1).

because it fell within the newly-discovered facts exception because Dove's 2017 conviction was obviously an unknown fact that he could not have ascertained with due diligence.[6]

However, the PCRA court went on to find that Walls' underlying after-discovered evidence claim lacked merit because Dove's 2017 conviction was merely a means of challenging the detective's credibility, which is not a sufficient basis to grant PCRA relief. The court further found that Walls made no showing that this evidence would have had any impact on the jury's guilty verdict.

Without addressing whether this claim was untimely, the PCRA court also rejected Wall's **_Brady_** claim. It did so because it found that it was unclear how another person's involvement in the shooting of a co-defendant's brother while driving the same car when the victims were shot had anything to do with Wall's involvement in his case and, even if related, failed to show that these police statements from an unrelated murder case would have been favorable to him.

---

[6] The Commonwealth agrees that Walls met this exception to the time bar with regard to Dove's 2017 guilty plea.

Walls timely appealed and he and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).[7]

## II.

## A.

Walls first contends that Dove's subsequent criminal misconduct would not solely be used for impeachment purposes because it calls into question the validity of the identification process used to obtain Jones' identification of him as the perpetrator.[8]  After recounting the process by which Dove obtained Jones' identification of Walls as involved in the shooting, he blithely concludes that, necessarily, Dove procured that identification by coercion and/or the result of a suggestive identification process.  We reject this contention for several reasons.

First, Walls makes no nexus between his case and Dove's subsequent criminal conduct relative to his girlfriend's homicide charge which is understandable since that conduct occurred 16 years after Walls' conviction. Recently, in **Commonwealth v. Kuhns**, 245 A.3d 1080 (Pa. Super. 2020), *appeal denied*, No. 365 WAL 2020, 2021 WL 1744390 (Pa. May 4, 2021),

---

[7] Our standard of review regarding a PCRA court's order is whether the court's determination is supported by the evidence of record and is free of legal error. **See Commonwealth v. Foreman**, 55 A.3d 532, 536 (Pa. Super. 2012).

[8] There is no disagreement on appeal that Walls' claim falls within the newly-discovered fact exception.

- 8 -

quoting from **Commonwealth v. Rouse**, 2019 WL 5858067 (unpublished

memorandum, Pa. Super. November 8, 2019) we held that:

> Evidence of a police witness's subsequent misconduct in other unrelated cases does not satisfy the requirements for a new trial based on after-discovered evidence. **Johnson**, 179 A.3d [1105, 1122-33 (Pa. Super. 2018)] (affirming denial of PCRA after-discovered evidence claim based on criminal convictions of police detective who testified at defendant's trial and was involved in questioning a witness who identified the defendant, where convictions occurred years after defendant's trial and arose out of conduct in an unrelated case); **Commonwealth v. Foreman**, 55 A.3d 532, 534-35, 537 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim based on criminal charges against police detective who testified at defendant's trial, where charges arose out of conduct in an unrelated case that occurred more than two years after defendant's trial); **see also Commonwealth v. Griffin**, 137 A.3d 605, 610 (Pa. Super. 2016) (reversing grant of new trial based on after-discovered evidence of misconduct of police officer who testified at defendant's trial where alleged misconduct was in unrelated case); **Commonwealth v. Brown**, 134 A.3d 1097, 1108-09 (Pa. Super. 2016) (rejecting after-discovered evidence claim based on interrogating police detectives' misconduct in unrelated cases).[9]

Because Walls' new information regarding Dove's criminal misconduct

occurred in an unrelated matter, it does not meet the after-discovered

evidence standard necessary to grant PCRA relief.

Second, Dove's convictions would only be relevant to impeach the

former detective's credibility. **See Johnson**, 179 A.3d at 1123; **Brown**, 134

---

[9] Although **Kuhns** and **Rouse** are non-precedential decisions, we cite those cases because we find them persuasive authority. **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

A.3d at 1109; **Foreman**, 55 A.3d at 537. Walls' claim that Dove's misconduct does not go to his credibility but to the validity of the identification process is belied by the fact that the identification process was held to be valid several times in the past. It was first rejected in a pre-trial suppression hearing where Dove, another detective and Jones all testified that the detectives did not suggest that he select Walls' photo from the photo array. The trial court denied Walls' motion to suppress. This claim of improper identification was again rejected in Walls' first PCRA. On appeal, in affirming that decision, we held that:

> The police officers who conducted the photo array consistently testified that Jones wrote the name "Damon" on the bottom of the photo of Walls after he identified him as his assailant and after the officers asked him to sign his name on the bottom of the picture. This testimony directly contradicts Walls' claim that the officers coerced Jones into identifying Walls. Moreover, Jones had ample opportunity to view Walls through the untinted windshield as it drove by him twice before a car chase ensued. Accordingly, the jury was free to believe the testimony of the officers with regard to the non-suggestive nature of the photo array and also credit Jones' in-court identification of Walls. **Wade, supra**. Accordingly, we find no merit to this claim.

(**Commonwealth v. Walls**, No. 2837 EDA 2013, 2015 WL 7254305, at *7 (Pa. Super. filed Nov. 17, 2015).

The only "fact" that has changed since those decisions is Dove's subsequent misconduct which would be used to challenge his testimony regarding his role in the identification process – a credibility challenge. Accordingly, because the evidence that claimed to be after-discovered is only

relevant to impeach the credibility of a witness who testified at trial, the PCRA court properly denied relief.[10]

**B.**

Walls next claims that he is entitled to relief based on a ***Brady*** violation based on the prosecution's alleged withholding of the 1999 statements of two police officers in C.W.'s homicide case.[11]  He contends that the prosecution withheld documents and information regarding the murder of appellant's co-defendant, Edward Watts' brother – C.W., which occurred on November 1, 1999.  Specifically, he contends that the prosecution withheld Police Officers Dave Nelson and Lamonte Gambrell's police statements, both dated November 2, 1999, regarding the murder investigation of C.W., and without disclosing

_____

[10] We also agree with the PCRA court that Walls is not entitled to relief because he failed to demonstrate that evidence of Dove's arrest and conviction would compel a different verdict as multiple witnesses identified Walls as the driver of the vehicle on March 30 and 31, 2000.  On appeal, Walls does not address this issue in his brief.

[11] To establish a ***Brady*** violation, a defendant is required to demonstrate that 1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; 2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and 3) prejudice ensued to the defendant.  ***See Commonwealth v. Stetler***, 95 A.3d 864 (Pa. Super 2014).  There is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." ***Commonwealth v. Natividad***, 200 A.3d 11, 26 (Pa. 2019).  "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." ***Id.***  Rather, a defendant need only show that the favorable evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." ***Id***. at 26-27.

this information prior to trial, claimed that the vehicle - a gray Oldsmobile Cutlass Supreme - the same vehicle involved in the shooting on March 30, 2000, that the victims were traveling in, was involved in C.W.'s murder. However, after the prosecution established its motive as a retaliatory shooting, Walls admits that these documents were disclosed on October 29, 2001, while his trial was ongoing.

Ignoring that the evidence was turned over at trial, and even if we could understand why those statements were material and exculpatory and find that they were, which we do not, Walls points to no exception to the PCRA's time-bar that would make this claim timely. It cannot fall within the after-discovered fact exception because those statements were disclosed to Walls at trial. Moreover, jurisdiction of this completely unrelated untimely ***Brady*** violation claim cannot be "piggybacked" on the after-discovered fact of Dove's misconduct. Ignoring all that, the ***Brady*** issue could have been raised on direct appeal, but was not, making that claim waived under the PCRA. ***See*** 42 Pa.C.S. § 9544(b) (issue is waived if petitioner failed to raise it and it could have been raised before trial, at trial, on appeal, in *habeas corpus* proceeding, or in prior proceeding under PCRA).

Accordingly, because it is untimely, Walls' ***Brady*** claim for PCRA relief is not maintainable.

**C.**

Finally, as to his contention that the PCRA court abused its discretion in dismissing his petition without holding an evidentiary hearing, Walls argues that a hearing was necessary to determine if he is entitled to a new trial based on his after-discovered evidence claims.

It is well-settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and that a hearing is not necessary if the PCRA court can determine from the record that no genuine issues of material fact exist. **See Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019), *appeal denied*, 218 A.3d 380 (Pa. 2019). To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which would have entitled him to relief if it were resolved it in his favor or that the court otherwise abused its discretion. **See id.**

In this case, there is no genuine issue of material fact on a sole issue that fell within the newly-discovered fact exception - whether Dove's misconduct 16 years later was a sufficient undiscovered fact to warrant a new trial. Given that there was no dispute that the misconduct occurred and that it occurred in an unrelated case 16 years after trial, the trial court did not abuse its discretion in holding that no hearing was required.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/21