J-S12010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL BUTLER | : | |
| | : | |
| Appellant | : | No. 788 EDA 2021 |

Appeal from the PCRA Order Entered April 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0615311-1992

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 10, 2022**

Appellant, Darryl Butler, appeals *pro se* from the post-conviction court's April 6, 2021 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant maintains that he has discovered new evidence of misconduct by several detectives involved in his case and, thus, an evidentiary hearing is warranted. After careful review, we affirm.

This Court previously summarized the facts and procedural history of Appellant's case, as follows:

> On May 21, 1992, [Appellant] and two other men drove to 3449 North Orianna Street, where they encountered Shadrack Townes and Yolanda Watson. [Appellant] and Townes were acquainted with each other, and began to argue about an earlier incident where Townes had apparently insulted the wife of one of [Appellant's] friends. The argument lasted several minutes, but the two stayed reasonably calm. [Appellant] suddenly pulled out a semi-automatic pistol and shot Townes twice in the abdomen.

Townes collapsed on the sidewalk. [Appellant] began to walk away, but then turned around and shot Townes another dozen or so times. [Appellant] put the gun to Townes' head to administer the coup de grace, but the gun merely clicked when [Appellant] pulled the trigger-the ammunition was spent. [Appellant] fled with his two friends.

Yolanda Watson and another eyewitness who observed the shooting later identified [Appellant] from a photo array. Townes also noticed that [Appellant] wore a necklace with the name "Darryl," and told police as he lay bleeding on the sidewalk that Darryl had shot him. Townes died within hours of the shooting. The next morning detectives arrived at [Appellant's] girlfriend's apartment with an arrest warrant. There[,] they discovered in plain view a box for a rare, heavier than normal type of nine-millimeter ammunition which matched casings found near Townes' body.

[Appellant] chose not to testify at his jury trial. His girlfriend provided an alibi, claiming that she, [Appellant] and their children had spent the day at the zoo. [Appellant] specifically did not dispute the events surrounding Townes' death; he simply claimed that he could[ not] have been the shooter since he wasn't there. The jury found otherwise and convicted [Appellant] of first-degree murder and possessing an instrument of crime [(PIC)]. [Appellant] received the mandatory life sentence for the murder, and a concurrent one to two years[' incarceration] for the PIC charge.

*Commonwealth v. Butler*, 647 A.2d 928, 930-31 (Pa. Super. 1994).

Appellant filed a timely appeal from his judgment of sentence and, after this Court affirmed, *see id.*, our Supreme Court denied his subsequent petition for allowance of appeal on October 27, 1994. *Commonwealth v. Butler*, 655 A.2d 983 (Pa. 1994).

From 1997 through 2014, Appellant litigated four unsuccessful PCRA petitions. On November 19, 2018, he filed a fifth, *pro se* PCRA petition, which

underlies his present appeal.[1] In Appellant's petition, he claimed that he discovered new evidence on November 12, 2018, when he received in the mail several documents (from an entity that he called the Legal Researcher Exhibit News), including a federal, civil case of **Wright v. City of Philadelphia, et al.**, 16 CV 5020 (E.D. Pa. 2016). Appellant explained that the facts of the **Wright** case revealed to him that Philadelphia Police Detectives David Baker and Dennis Dusak had engaged in misconduct in **Wright** and other criminal cases, and had been placed on a "do not call to testify" list created by the Philadelphia District Attorney's Office. Appellant stressed that those detectives had both been involved in the investigation and prosecution of his

_____

[1] We observe that, on August 1, 2018, Appellant also filed a petition for writ of *habeas corpus*, claiming that 18 Pa.C.S. § 1102(a), the sentencing statute for first-degree murder, is void for vagueness. The PCRA court seemingly consolidated Appellant's writ of *habeas corpus* petition with his November 12, 2018 PCRA petition, and dismissed both petitions in its April 6, 2021 order. **See** Order, 4/6/21, at 1 (stating that the PCRA petition is dismissed as untimely, and the "*[h]abeas* petition is dismissed for failing to raise a non-waived claim") (emphasis, unnecessary capitalization, and footnote omitted). On appeal, Appellant declares that he is **not** challenging the court's denial of his void-for-vagueness claim, which implicates the legality of his sentence. **See** Appellant's Brief at 3; **see Commonwealth v. Moore**, 247 A.3d 990, 997 (Pa. 2021) (finding that a claim that section 1102(a) is void for vagueness implicates the legality of the sentence). While generally, this Court can consider a legality of sentencing claim *sua sponte*, the **Moore** Court held that a claim that section 1102(a) is void for vagueness is cognizable under the PCRA and, therefore, it must meet the PCRA's one-year timeliness requirement or an exception thereto. **Id.** at 998; **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits). Because Appellant makes no attempt to plead or prove the applicability of any timeliness exception to his sentencing claim, we do not address it herein.

case, and he claimed that they had committed misconduct. Specifically, he averred that Detective Baker had planted evidence of the empty bullet box in Appellant's girlfriend's apartment, Detective Dusak had used suggestive photo arrays to obtain witness identifications of Appellant, and both detectives had fabricated their testimony at Appellant's trial.

On February 5, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it is untimely. Appellant filed a *pro se* response, but on April 6, 2021, the court issued an order dismissing his petition as untimely. Appellant filed a timely, *pro se* notice of appeal. It does not appear that the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but this Court received a Rule 1925(a) opinion from the PCRA court on May 13, 2021. Herein, Appellant states one issue for our review: "The [PCRA] court abused its discretion when it dismissed the new evidence [claim in Appellant's] PCRA petition as being untimely filed and not meeting the exception set forth to the time-bar in 42 Pa.C.S.[] § 9545(b)(1)(ii)." Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the

merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on January 25, 1994, ninety days after the Pennsylvania Supreme Court denied his petition

for permission to appeal and the time expired for him to file an appeal with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's present petition filed in 2018 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the newly-discovered evidence exception of section 9545(b)(1)(ii) based on his discovery of the misconduct of Detectives Baker and Dusak. Appellant claims that the detectives' misconduct in ***Wright*** and other criminal cases — which led to their being placed on the District Attorney's "no call at trial list" — constitutes proof that these detectives also planted evidence, utilized suggestive photo arrays to secure Appellant's identification, and committed perjury in Appellant's case. Although ***Wright*** was filed in 2016, Appellant stresses that he was *pro se* and incarcerated at that point and, thus, he "did not have access to information otherwise readily available to the public." Appellant's Brief at 18 (citing ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017) (holding that

the presumption that information which is of public record cannot be deemed 'unknown' for purposes of the newly-discovered-fact exception to the PCRA's one-year time limit does not apply to *pro se*, incarcerated petitioners)). Appellant contends that he acted with due diligence in discovering and raising his newly-discovered fact claim, as he filed his petition within days of receiving the information concerning the detectives' misconduct in 2018. He insists that a hearing on his after-discovered-evidence claim is warranted, at which he will present the testimony of Anthony Wright "concerning the hard/true facts[] that became available in his litigation, against both Detective[s] Baker and Dusak, and their pattern of presenting false evidence and false facts and false testimony." *Id.* at 22.

It is well-settled that, "[t]o qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Burton*, 158 A.3d at 629. Here, Appellant attested that the misconduct of Detectives Baker and Dusak was previously unknown to him until 2018 when he received the *Wright* case in the mail. Although the detectives' transgressions in *Wright* became public information when that decision was issued in 2016, at that point Appellant was unrepresented and incarcerated. Therefore, we cannot presume that that Wright's allegations of misconduct against Detectives Baker and Dusak were knowable to Appellant simply because they were made public. *See Butler*, *supra*. Instead, we agree with Appellant that he exhibited due

diligence by filing his petition within days of receiving the information about the detectives' misconduct. Therefore, we conclude that Appellant has satisfied the newly-discovered-fact exception to the PCRA's one-year timeliness requirement.

Nevertheless, no evidentiary hearing or other relief is warranted on Appellant's claim.

> To warrant a new trial based on after-discovered evidence, the appellant must show that the evidence "(1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict."

*Commonwealth v. Castro*, 93 A.3d 818, 821 (Pa. 2014) (quoting *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008)).

In *Commonwealth v. Brown*, 134 A.3d 1097 (Pa. Super. 2016), this Court rejected Brown's claim that he deserved an after-discovered-evidence hearing based on two newspaper articles discussing the misconduct of Philadelphia Police Detectives Ronald Dove and James Pitts in unrelated cases. *Id.* at 1108. Detectives Dove and Pitts had both been directly involved in Brown's case, taking statements from Brown and another witness, who later recanted that statement. *Id.* Despite this direct involvement, we concluded that Brown was not entitled to an evidentiary hearing to explore whether the detectives had committed misconduct in his case. *Id.* at 1108-09. We reasoned that, with respect to Detective Dove, Brown had relied only "on [a] newspaper article reporting on Dove's possible misconduct" in an unrelated

case, and he did "not articulate what evidence he would present at the evidentiary hearing on remand." *Id.* at 1109. Pertaining to Detective Pitts, Brown only specified witnesses that he would call to testify about Pitts' improper interrogation techniques in other cases. *Id.* We concluded that, absent proof that Detective Pitts had committed misconduct in Brown's case, the evidence of his improper interrogation tactics from other cases could only be used by Brown to attack Pitts' credibility, which cannot satisfy the after-discovered evidence test. *Id.* Therefore, because "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim," we held that Brown had not demonstrated that a hearing was warranted. *Id.*[2]

Likewise, in this case, Appellant has failed to establish a nexus between his convictions and the misconduct of Detectives Baker and Dusak in other unrelated cases. As in *Brown*, Appellant has only presented speculative

---

[2] *See also Commonwealth v. Johnson*, 179 A.3d 1105, 1122-23 (Pa. Super. 2018) (affirming the denial of a PCRA after-discovered evidence claim based on criminal convictions of a police detective who testified at defendant's trial and was involved in questioning a witness who identified the defendant, where convictions occurred years after defendant's trial and arose out of conduct in an unrelated case); *Commonwealth v. Foreman*, 55 A.3d 532, 534-35, 537 (Pa. Super. 2012) (affirming the denial of a PCRA after-discovered evidence claim based on criminal charges against a police detective who testified at the defendant's trial, where the charges arose out of conduct in an unrelated case that occurred more than two years after the defendant's trial); *see also Commonwealth v. Griffin*, 137 A.3d 605, 610 (Pa. Super. 2016) (reversing the grant of a new trial based on after-discovered evidence of misconduct of a police officer who testified at the defendant's trial where alleged misconduct was in unrelated case).

allegations that the detectives planted evidence, used suggestive photo arrays, and lied on the stand. Appellant's allegations do not even mirror the misconduct allegedly committed by the detectives in the **Wright** case.[3]

In addition, Appellant has not articulated what specific evidence he would present at a hearing to show that the detectives engaged in misconduct in **this** case. Instead, he states only that he would call Anthony Wright to testify about the detectives' misconduct in Wright's case. However, the detectives' misdeeds in **Wright** and/or other, unrelated criminal cases, could only be used by Appellant to impeach their credibility, which is an insufficient basis for a new trial under the after-discovered evidence test.

In sum, without something more to show that Detectives Baker and/or Dusak engaged in misconduct in Appellant's case, we cannot conclude that the PCRA court erred by dismissing his petition.

Order affirmed.

_____

[3] In that case, Wright was wrongfully convicted for rape and murder and served 25 years in prison before being exonerated by DNA evidence. **Wright**, 16 CV 5020 at *1. Wright subsequently filed a federal lawsuit alleging various civil rights violations against eleven members of the Philadelphia Police Department, including Detectives Baker and Dusak. **Id.** In the decision cited by Appellant herein, the district court addressed the defendants' motion to dismiss, and ultimately denied that motion based on the allegations of misconduct alleged by Wright. Regarding Detectives Baker and Dusak, Wright alleged that they had both failed to report statements from witnesses that exculpated Wright, and provided prosecutors with false and misleading information to obtain Wright's arrest and prosecution. **Id.** at *3, *6, *7. Additionally, Wright claimed that Detective Dusak, who was the lead investigator, encouraged interrogating detectives to coerce Wright's confession. **Id.** at *7.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/10/2022</u>