J-S28029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK BAYNES | : | |
| | : | |
| Appellant | : | No. 2865 EDA 2023 |

Appeal from the PCRA Order Entered October 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005432-2018

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                   **FILED SEPTEMBER 6, 2024**

Frederick Baynes (Appellant) appeals from the order dismissing his first

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.

§§ 9541-9546.  We affirm.

The PCRA court[1] summarized the underlying factual history:

On the morning of June 4, 2018, the Complainant (Celestine Braff) arrived at her work office located at 22nd Street and Toronto Street in Philadelphia, where she was surprised to find [] Appellant sitting on the steps outside of the office.  The Complainant and [] Appellant had known each other since they were children and had dated for approximately [three] months before ending their relationship three days prior to the incident.  The Complainant testified that the relationship ended cordially, and she had no reason to suspect ill will from [] Appellant.

[] Appellant told the Complainant that he needed to print some documents for his therapy sessions[,] and asked to use her

_____

[1] The Honorable Glynnis D. Hill presided over both Appellant's trial and PCRA proceedings.

work computer.  The Complainant permitted [] Appellant to enter the office.  Once inside, the Complainant sat at her desk with her back to [] Appellant as he began to print his documents. Approximately 20 to 30 minutes later, [] Appellant approached the Complainant from behind and began striking her multiple times in the head with a hammer he had taken into the building.

In a state of shock, the Complainant raised her hands to protect her head.  As blood poured from her wounds, she screamed, "what are you doing?" and "stop!"  Apart from [] Appellant, the Complainant was the only person in the office.  The Complainant then retreated under her desk, as [] Appellant yelled[,] "Come in the back, stop screaming … I'm going to kill [you]."  Even though both of her hands had been injured when [] Appellant struck them with a hammer, [Complainant] came from under the desk to better defend herself.  As she emerged, [] Appellant continued to yell[,] "I'm going to kill … you're going to die today … do you want that, n---er?"  When [] Appellant tried to strike her again, the Complainant grabbed the hammer until she ran outside.

The Complainant tried to enter a nearby masjid before running to a neighbor's house.  After she kicked the door, an occupant in the house called the police.  The police later took the Complainant's statement and had her transported to Temple University Hospital.  The Complainant was treated at the hospital for [] frontal skull and left ring-finger fractures, multiple lacerations on her head, and two right-hand metacarpal fractures.

PCRA Court Opinion, 12/13/23, at 3-4 (footnotes omitted; ellipses in original).

On August 1, 2018, the Commonwealth filed a criminal information charging Appellant with, *inter alia*, aggravated assault and possession of an instrument of crime (PIC).[2]  On January 18, 2019, following a three-day trial, a jury convicted Appellant of the above offenses.  Gwen Callan, Esquire (trial counsel), represented Appellant at trial.

---

[2] **See** 18 Pa.C.S.A. §§ 2702(a)(1), 907(a)(1), respectively.

On August 1, 2019, the trial court sentenced Appellant to an aggregate 8½ to 17 years in prison, followed by three years' probation. Appellant filed a timely post-sentence motion challenging the sufficiency and weight of the evidence presented at trial, and the discretionary aspects of his sentence. On September 27, 2019, the trial court denied Appellant's motion. Appellant timely appealed. The Defender Association of Philadelphia (direct appeal counsel) represented Appellant on direct appeal. On May 13, 2021, this Court affirmed Appellant's judgment of sentence.[3] *See Commonwealth v. Baynes*, 256 A.3d 24, 2941 EDA 2019 (Pa. Super. 2021) (unpublished memorandum). Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 21, 2022, Appellant, *pro se*, filed the instant PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on March 21, 2023, alleging the ineffective assistance of trial and direct appeal counsel. On August 4, 2023, the PCRA court filed a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response.

---

[3] Pertinently, we concluded "Appellant did not[] preserve a weight challenge in his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)." *Baynes*, 256 A.3d 24 (unpublished memorandum at 4 n.2).

- 3 -

The PCRA court dismissed Appellant's PCRA petition on October 26, 2023. Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues:

A.    Wheth[]er the PCRA court was in error in not granting relief on the issue that counsel was ineffective[?]

    I.    Appellate counsel was ineffective for failing to properly raise the issue that the verdict was against the weight of the evidence[.]

    II.    Trial counsel provided ineffective assistance of counsel by failing to conduct a proper pre-trial investigation[,] which would have uncovered exculpatory evidence[.]

B.    Whether the PCRA court was in error in failing to grant an evidentiary hearing on the above issues[?]

Appellant's Brief at 7 (some capitalization modified).

Our Supreme Court stated our standard and scope of review of an order denying PCRA relief:

On appeal we review the PCRA court's holding for a determination of whether the ruling is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

***Commonwealth v. Conforti***, 303 A.3d 715, 725 (Pa. 2023) (citations and quotation marks omitted).

Appellant claims ineffective assistance of counsel. To prevail on an ineffectiveness claim, "a petitioner must establish by a preponderance of the

evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Bishop*, 266 A.3d 56, 62 (Pa. Super. 2021) (quoting *Commonwealth v. Webb*, 236 A.3d 1170, 1176 (Pa. Super. 2020)).

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ineffective assistance of counsel elements on appeal to this Cout"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (some citations modified; brackets omitted).

Appellant first argues that direct appeal counsel rendered ineffective assistance "by failing to raise the issue that the verdict was against the weight of the evidence." Appellant's Brief at 15. In support of his argument, Appellant lists a series of purported inconsistencies and omissions in Complainant's testimony. *See id.* at 15-17.

> When assessing whether the PCRA court abused its discretion in concluding [an a]ppellant's claim failed on the merits and prejudice prongs [of the ineffectiveness test,] we are mindful that a defendant must raise a claim that the evidence is against

- 5 -

the weight of the verdict with the trial court by oral or written motion prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. [] 607(a). A motion asserting that the verdict was against the weight of the evidence is addressed to the discretionary power of the court. *Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000).

"A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.* "A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Smith*, 181 A.3d 1168, 1186–87 (Pa. Super. 2018) (citations omitted).

The … finder of fact is free to believe all, none, or some of the evidence and to determine the credibility of witnesses. *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021). It is the exclusive province of the jury to resolve contradictory testimony and assess credibility. *Id.*

*Bishop*, 266 A.3d at 67-68 (some citations modified).

Instantly, trial counsel challenged the weight of the Commonwealth's evidence through a timely post-sentence motion. *See* Post-Sentence Motion, 8/12/19, at 2-3 (unpaginated). On appeal, however, direct appeal counsel argued that the evidence presented at trial "was insufficient … where … [C]omplainant's testimony was so unreliable and/or contradictory that the Commonwealth did not meet its burden of proof beyond a reasonable doubt." Supplemental Pa.R.A.P. 1925(b) Statement, 1/22/20, at 2 (unpaginated) (citing *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), for the proposition that unreliable and contradictory testimony can render the Commonwealth's evidence insufficient as a matter of law).

We rejected Appellant's argument on direct appeal:

> The certified record belies Appellant's contention that the Commonwealth's evidence is so contradictory as to be unreliable and incapable of supporting a finding of guilt. Complainant testified that Appellant hit her eight to fourteen times with the hammer. Video surveillance confirms that Appellant was present with Complainant when the attack occurred. The nature of her injuries, *i.e.*, a fractured skull, fractured hands and finger, are consistent with her account of the assault and the medical records. Appellant's claim that, "[h]ere, as in **Karkaria**, there is no meaningful corroboration whatsoever from physical evidence or other witness testimony - the only evidence of guilt comes from the statements and testimony of [Complainant,]" is refuted by the record. Appellant's [B]rief at 26. Moreover, the inconsistencies alleged by Appellant[4] are either not supported by [the] record, explained away by the testimony, or irrelevant to the nature of the attack on Complainant. No relief is due on this claim.

**Baynes**, 256 A.3d 24 (unpublished memorandum at 5) (footnote added).

Additionally, the PCRA court thoroughly refuted each of Appellant's credibility challenges in its Rule 1925 opinion. **See** PCRA Court Opinion, 12/13/23, at 6-13 (addressing Appellant's alleged inconsistencies *seriatim*, and concluding "there is no reasonable probability that a weight of the evidence claim predicated on the same arguments would have succeeded"). Based upon our above reasoning disposing of Appellant's sufficiency claim (premised on Complainant's allegedly contradictory testimony), and the well-reasoned analysis of the PCRA court, Appellant's weight of the evidence

---

[4] Significantly, in the instant appeal, Appellant presents identical arguments concerning Complainant's alleged inconsistencies.

challenge would have failed. Consequently, Appellant's first ineffectiveness claim lacks arguable merit, and entitles him no relief. **Reid**, 259 A.3d at 405.

Appellant next alleges trial counsel's ineffectiveness. Appellant's one-page argument, in its entirety, follows:

> Appellant['s] trial counsel provided ineffective assistance of counsel when [s]he failed to conduct an adequate pre-trial investigation which would have introduced available exculpatory evidence.
>
> The first error was [trial c]ounsel failing to have the hammer in question checked for DNA or fingerprints[,] and fail[ing] to raise this at trial even though Appellant requested it. Appellant argues that if the hammer would have been tested for fingerprints and blood, it would have shown that [] Appellant was not the one who committed the attack.
>
> The second error was [trial] counsel failing to obtain a copy of the lease that Appellant and Complainant shared, showing that they lived together. Similarly, [trial] counsel failed to obtain text messages from [] Appellant's phone and Complainant's phone, which showed that Complainant texted Appellant and asked [Appellant] to meet her at the office. Appellant argues that this communication would have explained why Appellant was at [] Complainant's office building, thus providing him with a motive for why he was at the office on that time and date. It would also [have] show[n] a cordial relationship between [] Appellant and Complainant, which would cast doubt on any motive Appellant would have to commit the attack.
>
> The last error was [trial c]ounsel not bringing up Complainant's attempt to frame her sister. Appellant informed his counsel about the fact that Complainant[] had attempted to frame her sister by swearing under oath that her sister was responsible for drugs that [Complainant's] then[-]husband had gotten caught with or that was found in their home. Complainant attempted to wear a wire to entrap her sister[,] who was later proven to have nothing to do with the incident. This should have been used to [impeach] the credibility of [C]omplainant, but [trial counsel] never brought it up. Appellant believes counsel didn't even investigate this incident.

Appellant's Brief at 17-18.

Appellant's underdeveloped argument includes no citations to pertinent authority or references to the record. *See* Pa.R.A.P. 2119(a), (c). Accordingly, this issue is waived.[5]

Even if preserved, however, Appellant's allegations of trial counsel ineffectiveness would afford him no relief. The PCRA court provided the following well-reasoned analysis in its Rule 1925 opinion:

> First, [] Appellant claimed that [trial] counsel was ineffective for failing to have the hammer tested for DNA or fingerprints, arguing that it would have shown that he was not the one who committed the attack. However, a lack of fingerprints or DNA on the hammer would not have exculpated [Appellant], as he could have merely wiped the weapon clean before discarding it. "In DNA as in other areas, an absence of evidence is not evidence of absence." *Commonwealth v. Heilman*, 867 A.2d 542, 547 (Pa. Super. 2005). Additionally, any bald claim that someone else's

---

[5] We have observed:

> Each distinct issue in the argument section of a brief must, at a minimum, contain "citations of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When a party "cites no pertinent authority to substantiate [its] claim … appellant's issue is waived." *Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012)….
>
> When an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018).

*Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 883-85 (Pa. Super. 2019).

fingerprints would have been present was unsupported. Given the wealth of evidence establishing [] Appellant's guilt[, (]including testimonies of [Complainant], the responding officer and emergency personnel[;] the bloody state of the office[;] the bloody hammer[;] and surveillance video corroborating the witnesses' accounts[)] Appellant could not show that he was prejudiced by any lack of DNA or fingerprint testing. Therefore, the [PCRA c]ourt did not err when it found that [trial] counsel was not ineffective on this point.

Second, [] Appellant claimed that [trial] counsel was ineffective for failing to procure text messages between himself and [] Complainant showing that [] Complainant texted him requesting to meet at the office[,] and evidencing a cordial relationship between them. He also claims that [trial] counsel failed to procure a copy of the lease showing that he and [] Complainant lived together. However, [] Appellant offered no evidence that these documents in fact exist, even though they would presumably be in his possession or could be produced with the exercise of reasonable due diligence. **Commonwealth v. Lark**, 689 A.2d 43, 52 (Pa. 1997) (affirming dismissal of PCRA petition because petitioner failed to offer to prove facts entitling him to relief). Moreover, even if they existed, the fact that [Complainant and Appellant] lived together or that [] Complainant requested [Appellant] come to the office would not show that [Appellant] did not commit the attack. A key reason is that [Complainant] testified that she and [Appellant] had a "good break-up" three days earlier and maintained a cordial relationship. … Therefore, since there was no offer of proof that these documents actually exist, nor any reasonable probability that they would have had an effect on the outcome of the trial, the [PCRA c]ourt did not err when it found that [trial] counsel was not ineffective for failing to procure and/or introduce them.

Third, [] Appellant claimed that [trial] counsel was ineffective for failing to investigate whether [] Complainant allegedly "framed" her sister in an unrelated drug matter. … However, [] Appellant offered no proof or citations to substantiate any of these allegations. "It is axiomatic that allegations are not evidence." **Commonwealth v. Griffin**, 137 A.3d 605, 608 (Pa. Super. 2016). T[he PCRA c]ourt could not find that [trial] counsel was ineffective solely based on the allegations of [] Appellant. Since [] Appellant provided no offer of proof to substantiate these allegations, he could not demonstrate that [trial] counsel was

ineffective. *See* [] *Lark*, 689 A.2d [at] 52[.] Therefore, the [PCRA c]ourt did not err when it found that trial counsel was not ineffective….

PCRA Court Opinion, 12/13/23, at 14-16 (footnotes omitted).

Upon review, the PCRA court's findings are supported by the record, and its legal conclusions are sound. We agree with the PCRA court that Appellant's allegations of trial counsel ineffectiveness lack arguable merit and fail to establish actual prejudice. *See Reid*, 259 A.3d at 405. If preserved, Appellant's allegations of trial counsel's ineffectiveness would merit no relief.

Finally, Appellant argues the PCRA court erred by denying his request for an evidentiary hearing on the above claims. *See* Appellant's Brief at 18. Appellant contends "there are multiple issues brought up in the PCRA [p]etition that merited the holding of an evidentiary hearing." *Id.* at 20.

In considering such a claim, we are mindful of the following legal principles:

> It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, [] 30 A.3d 426, 452 ([Pa. ]2011).

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019)

We first observe that Appellant fails to identify which of the foregoing issues entitled him to an evidentiary hearing. Instead, Appellant vaguely

- 11 -

references "multiple issues" as the basis for his request.  Appellant's Brief at 20.  We have previously held such underdeveloped arguments constitute waiver of the claim.  *See Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021).

Nevertheless, based upon our review of each of Appellant's issues, we conclude the PCRA court properly exercised its discretion in denying Appellant's request for an evidentiary hearing.  *See Bishop*, 266 A.3d at 62.  Appellant failed to present any genuine issues of material fact that, if proven, would entitle him to relief.  *See Maddrey*, 205 A.3d at 328.  Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/6/2024